IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 9, 2019

**KENDALL JOY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 13-00805        J. Robert Carter, Jr., Judge**

_____

**No. W2019-00100-CCA-R3-ECN**
_____

The petitioner, Kendall Joy, appeals from the denial of his petition for writ of error coram nobis by the Shelby County Criminal Court. The petitioner argues his Fourth Amendment rights were violated, and he was denied the effective assistance of counsel. After our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Kendall Joy, Terre Haute, Indiana, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Melanie Cox, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

The petitioner first appealed to this Court after the trial court denied his petition for writ of habeas corpus. On March 22, 2016, this Court affirmed the trial court's denial of the habeas petition. *State v. Kendall Joy*, No. W2015-01765-CCA-R3-CD, 2016 WL 1104925 (Tenn. Crim. App. Mar. 22, 2016), *perm. app. denied* (Tenn. June 24, 2016). In doing so, this Court summarized the procedural history leading up to that appeal as follows:

> On February 21, 2013, the [p]etitioner was indicted on three counts of aggravated assault and one count of reckless endangerment in case

number 13–00805. His charges were dismissed on May 31, 2013. On June 22, 2015, the [p]etitioner mailed a petition for writ of habeas corpus from a federal detention facility. He challenged the judgments in case number "13100941 and "1300805." There is nothing in the appellate record regarding "13100941." On July 15, 2015, the trial court entered an order denying the [p]etitioner's petition. The trial court found that the [p]etitioner was not detained as a result of the indictment in state court and that as a federal prisoner, he is not entitled to habeas corpus relief. On August 12, 2015, the [p]etitioner filed a request to reconsider, and the trial court entered an order denying the request on August 20, 2015. On September 5, 2015, the [p]etitioner filed a pro se notice of appeal.

*Kendall Joy*, 2016 WL 1104925, at *1.

Subsequently, the petitioner filed a pro se petition for a writ of error coram nobis. In its order summarily denying the petition, the coram nobis court explained:

Apparently, the federal government indicted [the petitioner] on matters arising out of the same factual situation and the State dismissed its case, allowing federal prosecution of [the petitioner].

[The petitioner] now files this application for a Writ of Error Coram Nobis in an attempt to somehow challenge the federal conviction. A writ of error coram nobis is an extraordinary procedural remedy, now governed by statute that allows limited attacks on a conviction based upon "newly discovered evidence." The remedy is limited to "convicted defendants in criminal cases."

The coram nobis court entered its written order denying the petition on September 20, 2018. The petitioner then filed a "Motion to Reconsider Order Denying 'Petitioner's Writ of Error of Coram Nobis' and to Reopen this Dismissed Cause." The coram nobis court entered a written order denying the motion to reconsider on November 14, 2018, again explaining that a writ of error coram nobis is a remedy limited to "convicted defendants." The petitioner filed a notice of appeal to this Court on January 14, 2019.

### *Analysis*

On appeal, the petitioner asserts the trial court erred in denying his petition, arguing that his Fourth Amendment rights were violated and that the case should be re-open "so he may utilize the Fourth Amendment mechanism." In essence, the petitioner appears to challenge his federal conviction on the ground that his attorneys in the state court proceeding, prior to dismissal of the state-court action, were deficient for failing to make efforts to suppress evidence based on an alleged Fourth Amendment violation. The

State argues "[t]he coram nobis court properly denied the petitioner's petition for writ of error coram nobis, since the petitioner does not have a state conviction to attack." The State also contends this appeal should be dismissed as untimely. Upon our review, we agree with the State.

We first note that the petitioner did not timely file his notice of appeal. The petitioner's notice of appeal was filed on January 14, 2019, more than thirty days after the coram nobis court denied his petition on September 20, 2018. Thus, as the State contends, the petitioner failed to file the notice of appeal within the thirty-day limitation provided by Tennessee Rule of Appellate Procedure 4(a). However, as permitted by the rule, we will waive the timely filing requirement in the interest of justice. *See* Tenn. R. App. P. 4(a).

Regardless, the petitioner is not entitled to relief. The writ of error coram nobis is a statutory remedy "made available to *convicted* defendants in criminal cases." Tenn. Code Ann. § 40-26-105(a) (emphasis added). If successful, "a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." Tenn. Code Ann. § 40-26-105(b). It is clear from the statutory language that a criminal conviction is a prerequisite to a coram nobis claim. Indeed, the whole purpose of a coram nobis claim is to challenge the criminal conviction.

In this case, the petitioner does not have a state criminal conviction. The charges brought by the State were dismissed prior to trial. Without a state criminal conviction, the petitioner has no basis for a writ of error coram nobis. The petitioner is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, the judgment of the coram nobis court is affirmed.

_____
J. ROSS DYER, JUDGE

- 3 -